**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SAMUEL BIGLEY,<br><br>    Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC,<br><br>    Defendant. | Case No.  6:18-cv-00303 |

**COMPLAINT**

NOW COMES, SAMUEL BIGLEY, by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, NAVIENT SOLUTIONS, LLC, as follows:

**NATURE OF THE ACTION**

1. This is an action brought by consumers seeking redress for violation(s) of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Plaintiffs' TCPA claims.

3. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district.  28 U.S.C. § 1391(b)(2).

**PARTIES**

4. SAMUEL BIGLEY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. NAVIENT SOLUTIONS, LLC ("Defendant") is a foreign limited liability company with its principal place of business in Reston, Virginia.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

8. Plaintiff entered into an obligation for a student loan in order to further his education.

9. After experiencing financial hardship, Plaintiff could not stay current on his student loan repayment obligations.

10. After he had defaulted on his student loan, Plaintiff began receiving telephone calls from Defendant on his cellular telephone.

11. When answering Defendant's phone calls, Plaintiff would be greeted by a prerecorded message or experience a silent pause before he was connected to a live representative.

12. Because he lacked the ability to pay Defendant, on May 9, 2018, Plaintiff demanded that Defendant stop calling his cellular telephone.

13. When Plaintiff asked Defendant to stop calling him, the live representative responded, "we can call you, you owe us money."

14. Despite Plaintiff's request to stop the phone calls, Defendant continues to call Plaintiff's cellular telephone.

15. In fact, Defendant continued calling Plaintiff at least 35 times after he told Defendant to stop.

16. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 3443.

17. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

18. Upon information and belief, Defendant placed or caused to be placed the aforementioned calls to Plaintiff's cellular telephone using a predictive dialer[1].

## DAMAGES

19. Defendant's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

20. Defendant's telephone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge their cellular telephones as a result of increased usage of their telephone services.

## CLAIMS FOR RELIEF

### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

21. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

---

[1] A predictive dialer is an outbound calling system that automatically dials from a list of telephone numbers. Like other types of autodialers (also called robodialers), predictive dialers call numbers automatically and can help agents screen for busy signals, voicemails, no-answers and disconnected numbers.

22. Defendant placed or caused to be placed non-emergency calls, including but not limited to the aforementioned calls, to Plaintiff's cellular telephone numbers ending in 3443 utilizing an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

23. In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute. 18 F.C.C.R. 14014, 14091-93 (2003).

24. In 2012, the FCC stated that a predictive dialer included "any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." 27 F.C.C.R. at 15392 n. 5 (2012).

25. In its Order, the FCC "reiterate[d] that predictive dialers, as previously described by the commission, satisfy the TCPA's definition of an 'autodialer.'" *Id*.

26. Upon information and belief, based on the lack of prompt human response, Defendant employed a predictive dialer to place calls to Plaintiff's cellular telephones.

27. Upon information and belief, the predictive dialer employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

28. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

29. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiffs are entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. find that Defendant violated 47 U.S.C. §227 (b)(1)(A)(iii);

B. enjoin Defendant from placing calls to Plaintiff pursuant to 47 U.S.C. § 227(3)(A);

C. award statutory damages of $500.00 for each such violation pursuant to 47 U.S.C. § 227(3)(B);

D. award treble damages up to $1,500.00, for each such violation pursuant to 47 U.S.C. § 227(3)(C); and

E. award such other relief as this Court deems just and proper.

**Plaintiff demands trial by jury.**

June 25, 2018                                    Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Samuel Bigley*